**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

*FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2007 JUL -3 AM 10: 05
LORETTA G. WHYTE
CLERK*

JOHN DOE, and the AMERICAN CIVIL
LIBERTIES UNION FOUNDATION
OF LOUISIANA

    Plaintiffs,

*versus*

PARISH OF ST. TAMMANY, CITY OF
SLIDELL, and JAMES "JIM" LAMZ, in
his official capacity as City Judge, City
Court of Slidell.

    Defendants.

CIVIL ACTION NUMBER:

**07-3574**

**SECT. B MAG 4**

JUDGE:
MAGISTRATE:

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs, JOHN DOE, and

the AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF LOUISIANA, who

respectfully represent:

### I. JURISDICTION

1.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(3) and 1343(4)

for causes of action arising under the First and Fourteenth Amendments to the Constitution of the

United States of America, 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 2201 and 2202.

Supplemental jurisdiction is invoked pursuant to the constitution and laws of the State of

Louisiana.

### II. NATURE AND CAUSE OF ACTION

2.    This is an action for declaratory and injunctive relief declaring the policy and

*Fee $350.
Process
Dktd
CtRmDep
Doc No.*

practice of the Defendants, the parish of St. Tammany, city of Slidell, and James Lamz, of erecting, permitting, authorizing, encouraging, acquiescing in, and maintaining the display of an image of Jesus Christ presenting the New Testament of the Bible along with the wording "To Know Peace, Obey These Laws," in the City Court of Slidell to be in violation of the Establishment Clause of the First Amendment to the United States Constitution and 42 U.S.C. § 1983, ordering the removal of said display, and enjoining said policy and practice.

## III. PARTIES

3.    Plaintiffs herein are:

    a.  JOHN DOE, a person of full age of majority who has and will come into direct and unwelcome contact with the display in the City Court of Slidell in order to fulfill legal obligations and to participate fully as a citizen.

    b.  The AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF LOUISIANA, an organization domiciled in the state of Louisiana whose members include residents and neighbors of the city of Slidell and the parish of St. Tammany. Said members have and will come into direct and unwelcome contact with the display in the City Court of Slidell in order to conduct business, fulfill legal obligations and participate fully as citizens. Said members who reside in the city of Slidell or the parish of St. Tammany have paid and will continue to pay taxes to the city and/or the parish.

4.    Defendants herein are:

    a.  PARISH OF ST. TAMMANY, a body corporate and political subdivision of the state of Louisiana; it is able to sue and be sued in its own name. Pursuant to La.Rev.Stat. 13:2487.3, it, along with Defendant, city of Slidell, funds the operation of the City Court of Slidell.

    b.  CITY OF SLIDELL, a body corporate and political subdivision of the state of Louisiana; it is able to sue and be sued in its own name. Pursuant to La.Rev.Stat. 13:2487.1, the city court for the city of Slidell was created. Pursuant to La.Rev.Stat. 13:2487.3, it, along with Defendant, parish of St. Tammany, funds the operation of the City Court of Slidell.

    c.  JAMES "JIM" LAMZ, is, and at all times relevant hereto, was the duly elected City Judge of the City Court of Slidell. He is sued in his official capacity.

2

## V.   FACTS

5.   The city of Slidell, parish of St. Tammany, is a body corporate and political subdivision of the state of Louisiana, duly established under the constitution and laws of the state of Louisiana.

6.   It is required by law that there be established and maintained a City Court of Slidell.  *See* La.Rev.Stat. 13:2487.1. The court is composed of a City Judge, a Marshal, and a Clerk of Court.  *See* La.Rev.Stat. 13:2487.1. The salary of the City Judge is paid in equal portions by the city of Slidell and the parish of St. Tammany. *See* La.Rev.Stat. 13:2487.3.

7.   The expenses of operation and maintenance of the City Court of Slidell are to be borne in equal proportions by the city of Slidell and the parish of St. Tammany. *See* La.Rev.Stat. 13:2487.16.

8.   The City Court of Slidell is a court of limited jurisdiction. The court handles adoptions, child in need of care cases, traffic offenses, delinquency cases from shoplifting to murder, adult misdemeanors, civil suits up to $30,000, and small claims up to $3,000.

9.   At all times relevant hereto, Defendant Lamz was employed with the city of Slidell, acting within the course and scope of his employment.

10.   The courthouse of the City Court of Slidell, which is located at 501 Bouscaren Street, has one main entrance and lobby, through which all visitors must pass.

11.   The lobby contains two paintings.  One is a painting of the founding judge of the City Court of Slidell and is accompanied by wording to that effect. The other, placed on a separate wall, is a religious icon of the Eastern Orthodox sect of Christianity. It shows an image of Jesus Christ presenting the New Testament. The icon is positioned above the large gold

3

wording, "TO KNOW PEACE, OBEY THESE LAWS." The display in question is the Eastern

Orthodox religious icon combined with the wording below it.

      12.     The display is prominently displayed in the center of the wall directly above the

teller window of the City Court of Slidell.

      13.     In the Eastern Orthodox religion,

> "icons are a constant reminder of the incarnation of Christ, that is to say, they remind us that God 'sent His only begotten Son'(Bible, John 3:16) to rescue us from our sin and death." Cindy Egly, *Eastern Orthodox Christians and Iconography*, http://www.antiochian.org/icons-eastern-orthodoxy (last visited 6/25/07).

In the Eastern Orthodox sect of Christianity, an icon "is a sacred image, a window into heaven,"

to be venerated. *Id.* Many Protestant denominations of Christianity consider the veneration of

such religious icons to be idolatry.

      14.     Prior to June of 2007, in order to participate fully as citizens, to conduct business,

or to fulfill certain legal obligations, Plaintiffs, John Doe and members of the American Civil

Liberties Union of Louisiana, separately entered the City Court of Slidell, saw the display, and

were offended by it as a whole and in its several parts. In order to participate fully as citizens,

conduct business, or fulfill certain legal obligations, Plaintiffs will be obligated to return to the

courthouse in the future.

      15.     On information and belief, the courthouse at 501 Bouscaren Street was erected in

1995 and opened in 1997.

      16.     On information and belief, Defendants acquired, designed, and installed the

painting and the metal letters of the display at taxpayer expense.

      17.     On information and belief, Defendants installed the display, which had never

before been displayed on public property, before the courthouse opened in 1997 and have

4

before been displayed on public property, before the courthouse opened in 1997 and have maintained it at taxpayer expense since that time.

18.     On information and belief, Defendants, through policies and practices that include the policy of allowing this religious icon to remain on prominent display in a courthouse in the State of Louisiana, have supported, contributed to, and acquiesced in a climate of intimidation that deterred other complainants from challenging the display prior to the present complaint, in spite of the display's clearly religious message.

19.     In doing the acts herein complained of, Defendants, acting individually and/or collectively, and under color of state law, intentionally, willfully and wrongfully deprived Plaintiffs of rights secured by the Constitution and laws of the United States of America and the State of Louisiana.

20.     At the time of Defendants' conduct, it was clearly established in law that Defendants could not authorize, permit, or acquiesce in the installation, maintenance, or presence of a religious display in a courthouse in the state of Louisiana.  Defendants knew or should have known that their conduct was in violation of the Constitution and laws of the United States of America and the State of Louisiana.

## V. CAUSE OF ACTION

21.     Plaintiffs re-allege and re-aver all of the allegations contained in the previous paragraphs.

22.     42 U.S.C. § 1983 prohibits Defendants from depriving Plaintiffs of "rights, privileges and immunities secured by the Constitution and laws" of the United States of America.

23.     The Establishment Clause of the First Amendment to the United States

Constitution provides that a state "shall make no law respecting an establishment of religion." It is made applicable to the local courts and municipalities, which derive their authority from the States, through the Fourteenth Amendment.

24.     The Establishment Clause of the First Amendment forbids the enactment of any law or practice "respecting an establishment of religion." States are required to pursue a course of neutrality with respect to religion.

25.     A reasonable observer looking upon this display, which shows Jesus Christ presenting the New Testament, above the words "TO KNOW PEACE, OBEY THESE LAWS," would understand its message to be an endorsement of the Christian faith, to the detriment of all other religious beliefs, including Judaism, Islam, Hinduism, and atheism.

26.     In the alternative, because the painting is unequivocally an icon of the Eastern Orthodox Church, a reasonable observer looking upon this display would understand its message to be an endorsement of the Eastern Orthodox sect of Christianity and veneration of an Eastern Orthodox religious icon, to the detriment of all other Christian religions, such as the Baptist, Catholic, Methodist, Lutheran, and Episcopalian faiths, and all non-Christian religions.

27.     There is no secular purpose for this display, and no reasonable observer could understand it to deliver a secular message.

28.     Defendants acquired, designed, installed, maintained, and/or acquiesced in the presence of this display with the primary and actual purpose of promoting or endorsing a particular religion, favoring a particular religious sect, promoting religion over non-religion, compelling or engaging in a religious practice, and/or working deterrence of other religious beliefs, in violation of the Establishment Clause of the United States Constitution.

29.     Because this display is prominently and permanently displayed inside of a city

courthouse, a reasonable observer would understand that the City Court and the city of Slidell endorse and/or approve of the religious message delivered by the display, in violation of the Establishment Clause of the United States Constitution.

30.    Plaintiffs have been harmed by Defendants' actions. Plaintiffs came into direct and unwelcome contact with the display and were offended by it. They were intimidated, and were both afraid and reluctant to voice their objections with respect to this constitutional transgression, fearful of retaliation.

## VI.  DECLARATORY JUDGMENT

31.    Plaintiffs are entitled to declaratory judgment pursuant to 28 U.S.C. § 2201 and in accordance with Federal Rules of Civil Procedure Rule 57, that Defendants' actions are in violation of the Establishment Clause of the First Amendment to the United States Constitution.

## VII.  INJUNCTIVE RELIEF

32.    Plaintiffs have suffered, and will continue to suffer, immediate and irreparable harm upon each return to the courthouse in the event that Defendants are allowed to continue maintaining, permitting, authorizing, or acquiescing in the presence of this display on public property.

33.    Accordingly, temporary, preliminary, and permanent injunctive relief is hereby requested pursuant to Federal Rules of Civil Procedure, Rule 65.

## VIII.  DAMAGES

34.    As a result of Defendants' violations of Plaintiffs' constitutional rights, Plaintiffs have suffered, or shall suffer, damages, including mental anguish and emotional distress.

35.    In the alternative, Plaintiffs request nominal damages for the violation of their

constitutional rights.

## IX.  ATTORNEY'S FEES

43.     Plaintiffs request, and are entitled to an award of attorneys' fees and costs.

WHEREFORE, Plaintiffs pray that Defendants be duly cited to appear and answer this Complaint; that they be served with a copy of same and that after all legal delays have expired and due proceedings be had, there be judgment in favor of Plaintiffs, and against Defendants, for injunctive and declaratory relief, all damages, attorney's fees and costs of these proceedings, together with interest and all legal and equitable relief.

Respectfully submitted:

RONALD L. WILSON (#13575), T.A.
210 Baronne Street, Suite 1800
New Orleans, Louisiana 70112
PH:      (504) 525-4361
FAX:    (504) 525-4380
*Cooperating Attorney, American Civil*
*Liberties Union Foundation of Louisiana*

KATIE SCHWARTZMANN (#30295)
P.O. Box 56157
New Orleans, Louisiana 70156
PH:  (504) 592-8056
FAX: (504) 522-0618
*Staff Attorney for the American Civil*
*Liberties Union Foundation of Louisiana*

VINCENT J. BOOTH, (# 18565)
138 North Cortez Street
New Orleans, Louisiana 70119
PH:  (504) 482-5292
FAX: (504) 482-5847
*Cooperating Attorney for the American Civil*
*Liberties Union Foundation of Louisiana*

BY: _Katie Schwartzmann_

8

## VERIFICATION

I, John Doe, Plaintiff in the within action, have read the facts contained in the complaint

and affirm that they are true to the best of my information and belief.

_John Doe_

Sworn to and before me, Notary, this
2nd day of July, 2007.

_Stephen F. Armbruster Notary # 51944_

9