UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN DOE and the AMERICAN CIVIL                    CIVIL ACTION
LIBERTIES UNION OF LOUISIANA

VERSUS                                             NO: 07-3574

PARISH OF ST. TAMMANY, CITY OF SLIDELL,            SECTION: B (4)
and JAMES "JIM" LAMZ, in his official capacity as
City Judge, City Court of Slidell

ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Partial Summary
Judgment (Rec. Doc. No. 25) to grant nominal damages and upon the
grant of nominal damages, award attorneys fees.  After review of
the pleadings and applicable law, and for the reasons that
follow,

**IT IS ORDERED** that Plaintiff's Motion for Partial Summary
Judgment is **GRANTED**.  **IT IS FURTHER ORDERED** that Plaintiffs are
awarded reasonable attorneys fees and costs.

*BACKGROUND*

Plaintiffs filed suit after Defendants displayed the icon of
Jesus Christ in the foyer of the City Court of Slidell.
Plaintiffs contend that Defendants' display served the purpose of
advancing, promoting or endorsing Christianity, in violation of
the Establishment Clause of the First Amendment. In addition to
declaratory and injunctive relief, Plaintiffs requested nominal
damages for the violation of their constitutional rights under 42
U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 2201 and 2202.

1

Plaintiffs claim that any reasonable observer could see that the display at the City Court of Slidell appears to be Jesus Christ presenting the New Testament of the Bible.  Below the picture and separate from it was wording in large gold letters that was later added reading, "To Know Peace, Obey These Laws." Plaintiffs saw the display, were offended by it, and immediately filed suit.  Plaintiffs claim that to participate fully as citizens, to conduct business, and to fulfill certain legal obligations, they will be obligated to return to the court in the future.

Defendants changed the display prior to and in anticipation of the hearing on the Motion for Preliminary Injunction.  The Court noted that the modified display containing various historical lawgivers[1] under the caption, "To Know Peace, Obey These Laws," was not in violation of the Constitution; however, the initial arrangement of solely Jesus Christ violated the Establishment Clause.  As a result of the modifications, Plaintiffs' motion for a Preliminary Injunction and Defendants' Motion to Dismiss were denied by the Court.  However, the Court instructed both Plaintiffs and Defendants to provide to the Court briefs as to whether or not Plaintiffs should prevail on the issue of attorneys fees.

---

[1]The image of Jesus Christ was repositioned to be accompanied by 15 additional uniformly-sized prints depicting other historical lawgivers.

2

Plaintiffs contend that no genuine issue of material fact respective to Defendants' violation of Plaintiffs' First Amendment rights in relation to the initial display solely of the Jesus Christ icon exists.  As such, Plaintiffs claim that the Motion for Partial Summary Judgment as to the issue of Plaintiffs' entitlement to nominal damages should be granted. Such a ruling will enable Plaintiffs to "prevail" in the suit, and thus entitle Plaintiffs to attorneys fees.

Defendants oppose Plaintiffs' Motion for Partial Summary Judgment and Plaintiffs' request for attorney fees.  Defendants contend that the law cited by Plaintiffs support Defendants' claim that Defendants must prevail on the "sole issue" before the court, attorneys fees because the theory upon which Plaintiffs allegedly rely, the catalyst theory for attorneys fees, has been conclusively rejected by the Supreme Court.  Defendants further assert that even if Plaintiffs had obtained a preliminary injunction, attorney fees would not be available as there would be no change in the legal position of the parties.

Defendants also assert that Plaintiffs are attempting to change the issue before the Court by seeking nominal damages. Defendants defend their position by asserting that a moot case should not be continued merely to vindicate Plaintiffs' interest in recovering attorneys fees.  Defendants also aver that courts must avoid addressing constitutional questions where they can be

3

avoided.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Associates of North Texas*, 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc*. 7 F.3d 1203, 1207 (5th Cir. 1993).

4

## B.  Constitutionality of the Display

When the government acts with the ostensible and predominant purpose of advancing religion, it violates the Establishment Clause. U.S. Const. Amend. I.  The "First Amendment mandates governmental neutrality between religion and religion, and between religion and nonreligion." *McCreary County, Ky v. ACLU of Ky.*, 545 U.S. 844, 867-68, 125 S.Ct. 2722, 162 L.Ed.2d 729 (2005)(citing *Epperson v. Arkansas*, 393 U.S. 97, 104, 89 S.Ct. 266, 21 L.Ed2d 228 (1968)).  An Establishment Clause analysis normally requires the consideration of the following: first, the government act must have a secular purpose; second, its principal or primary effect must be one that neither advances nor inhibits religion, and finally, it must not represent "an excessive government entanglement with religion." *Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971).  *Lemon* asserts that government action must have "a secular. . . purpose" 403 U.S., at 612, 91 S.Ct. 2105, and this secular purpose cannot be secondary to a religious objective.  *McCreary County, Ky. v. ACLU of Ky.*, 545 U.S. 844, 863, 125 S.Ct. 2722, 162 L.Ed.2d 729 (2005).

Defendants offered the affidavit of former Slidell City Court Judge James R. Strain as evidence that the original purpose behind selecting and hanging the image at issue was not to promote religion but "to convey that general and positive message that law should be respected and obeyed." (Defendants' Opp.,

Rec. Doc. No. 14, citing affidavit of former city court Judge James R. Strain, Exhibit B at p. 3-4). The crucial factor, however, in determining the constitutionality of a religious display, is context. The Supreme Court has made clear that "under the Establishment Clause detail is key." *McCreary County, Ky. v. ACLU of Ky.*, 545 U.S. 844, 867-68, 125 S.Ct. 2722, 162 L.Ed.2d 729 (2005) (citing *County of Allegheny v. ACLU, Greater Pittsburgh Chapter*, 492 U.S. 573, 595, 109 S.Ct. 3086, 106 L.Ed.2d 472 (1989). "[T]he question is 'what viewers may fairly understand to be the purpose of the display.'" *County of Allegheny v. ACLU, Greater Pittsburgh Chapter*, 492 U.S. 573, 595, 109 S.Ct. 3086, 106 L.Ed.2d 472 (1989) (citing *Lynch v. Donnelly*, 465 U.S. 668, 687, 104 S.Ct. 1355, 1366 (1984) (O'CONNOR, J., concurring). "That inquiry, of necessity, turns upon the context in which the contested object appears." *Id.*

In *Van Orden v. Perry*, the United States Supreme Court upheld a display of a Ten Commandments monument on the grounds of the Texas State Capitol based on several factors, including the facts that "the monolith was not a stand alone monument" but was accompanied by numerous other monuments and historical markers "commemorating the 'people, ideals, and events that compose Texas identity." 545 U.S. 677, 681 (2005). The Court noted that an inherently religious display, such as the Ten Commandments, "can convey not simply a religious message but . . . can also convey a

6

historical message (about a historic relation between those standards and the law)." *Id.* at 701-02 (Breyer, J. concurring). The Court further noted that the three-pronged test of *Lemon* was not useful in dealing with the sort of passive monument that Texas has erected on its Capitol grounds.  Instead, both the nature of the monument and our Nation's history drove the analysis in *Van Orden. Id.* at 686.

In contrast, in *McCreary County, Ky. v. ACLU of Ky.*, the Court ruled that the Ten Commandments display at issue was unconstitutional because, despite their later efforts to add other non-religious elements to the display, county officials specifically expressed their intent to erect and maintain a religious display.  545 U.S. at 860.  Unlike the display at issue in *McCreary*, no city, parish, or other state official has expressed such an intent.  More importantly, the expanded display presently in the City Court lobby does not suggest to the reasonable observer that its message is of a religious nature. Therefore, the Court finds the modified City Court of Slidell display to be more akin to the display at issue in *Van Orden* rather than the one at issue in *McCreary*.  As such, the modified display does not violate the Establishment Clause.

Still relevant to the Court's analysis of attorneys fees is whether the initial display, for which the lawsuit was initially filed, violates the Establishment Clause.  During oral argument

7

of Plaintiff's Motion for a Preliminary Injunction, the Court stated the initial display "would have indeed led to a granting of a preliminary injunction[2] based upon the violation of the Establishment Clause." *See Transcript of Oral Reasons for Judgment,* p. 10-11.  *Van Orden v. Perry* and *Allegheny v. ACLU, Greater Pittsburgh Chapter* serve as the pillars upon which this Court's determination regarding the initial display stands. 545 U.S. 677 (2005).  Contrary to the 21 historical markers and 17 monuments surrounding the Capitol in *Van Orden,* the initial City Court of Slidell display solely comprised the image of Jesus Christ presenting the New Testament of the Bible.  Below the picture and separate from it was wording in large gold letters that was later added reading, "To Know Peace, Obey These Laws." In addition, what viewers may fairly understand to be the purpose of the display further distinguishes the initial display from its Constitutional modified form, as well as from the Van Orden display. *County of Allegheny v. ACLU, Greater Pittsburgh Chapter*, 492 U.S. 573, 595, 109 S.Ct. 3086, 106 L.Ed.2d 472 (1989).  As such, this Court finds the initial display unconstitutional.

**B.  Prevailing Party and the Grant of Attorneys Fees**

---

[2]Attorneys fees would not be available based upon a grant of preliminary injunction as such an action does not confer "prevailing party status."

In order for the court to award attorneys fees, a party must be considered a "prevailing party". *Buckhannon Bd. & Care Home, Inc. v. W. VA Dep't of Health and Human Res.*, 532 U.S. 598, 600 (2001).  In *Buckhannon Bd. & Care Home, Inc.,* the Supreme Court expounded upon the meaning of "prevailing party status," describing it as requiring an alteration in the legal relationship between the parties. *Id.* at 605.  The *Buckhannon* Court cites as examples of such alteration in the legal relationship of the parties: judgment on the merits or court-ordered consent decree.  *Id.*  Although Justice Ginsburg, with whom Justice Stevens, Justice Souter and Justice Breyer join dissenting, adopt the catalyst approach, claiming that a party prevails for fee-shifting purposes when its ends are accomplished as a result of the litigation, the majority rejects this theory, stating that a defendant's "voluntary change in conduct although perhaps accomplishing what the plaintiffs sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change".[3] *Id.* at 605, 625.  Finally, the *Buckhannon* Court specifically states that the Court has never awarded attorney's fees for a "nonjudicial alteration of actual circumstances" or where the party simply "acquired a judicial pronouncement that

---

[3]The theory rejected by the majority represents the catalyst theory.  The Fifth Circuit also rejected the catalyst theory in *Planned Parenthood of Houston and Southeast Texas v. Sanchez*, 480 F.3d 734 (5th Cir. 2007).

the defendant has violated the Constitution unaccompanied by judicial relief." *Id.* at 606; *see also Hewitt v. Helms*, 482 U.S. 755, 760 (1987) (The Court held that the plaintiff must receive some relief on the merits of his claim before he can be said to prevail.  To this end, the Court cited the defendants as having received no damages award, no injunction or declaratory judgment entered in his favor or relief without benefit of a formal judgment, such as consent decree or settlement).  The most pertinent *Buckhannon* reference for our purposes is the Supreme Courts declaration that in order to "prevail," Plaintiff must receive "at least some relief on the merits of his claim . . . [The Court] has held that even an award of **nominal damages** suffices under this test." (Emphasis added) *Id*. at 604.

This Court has stated that the modified image of Jesus Christ is constitutional, but noted that the initial display without modification, which prompted this suit, "would have indeed led to a granting of a preliminary injunction[4] based upon the violation of the Establishment Clause." *See Transcript of Oral Reasons for Judgment,* p. 10-11.  Plaintiffs sought, *inter alia*, nominal damages for the violation of their Constitutional rights in their initial complaint and are before

---

[4]Attorneys fees would not be available based upon a grant of preliminary injunction as such an action does not confer "prevailing party status."

this Court to seek Partial Summary Judgment on this issue of nominal damages.  If the Court awards nominal damages on the basis of the Court finding that the initial display of the Jesus Christ icon to be unconstitutional, the Court would effectively alter the legal relationship between the parties.  Such an award represents more than just a "judicial pronouncement that the defendant has violated the Constitution unaccompanied by judicial relief."  *Buckhannon,* 532 U.S. at 606.

## C.  Award of Nominal Damages

The Supreme Court summarizes the law regarding nominal damages as part of the common-law court tradition of awarding nominal sums of money to vindicate deprivations of certain "absolute" rights that are not shown to have caused actual injury.  *Carey v. Piphus*, 435 U.S. 247, 266 (1978); *see also Memphis Community School District v. Stachura,* 477 U.S. 299, 308 (1986); *Louisiana Acorn Fair Housing v. LeBlanc,* 211 F.3d 298 (5th Cir. 2000) (Nominal damages may be granted in a context relating to a violation of a constitutional right under § 1983). The *Piphus* Court further explains, "procedural due process is "absolute" in the sense that it does not depend on the merits of a claimant's substantive assertions . . ."  *Piphus,* 435 U.S. at 266.

By filing suit under the First and Fourteenth Amendments, Plaintiffs claim that their absolute rights have been abridged.

11

Consistent with the *Piphus* Court, the Court need not find that
any actual injury occurred as a result of such a Constitutional
violation, and nominal damages may be awarded.  Plaintiffs should
be awarded nominal damages as a result of the violation of the
Establishment Clause present with the initial display without
modification, which prompted this suit.  While the facts
prompting the suit changed before the Court ruled on the Motion
for Preliminary Injunction, the Court's finding that the initial
display represents a violation of Plaintiff's Constitutional
rights, warrants the grant of nominal damages.

     With the award of nominal damages, Plaintiffs qualify as a
prevailing party and are thus eligible for attorneys fees.  *See
Fyfe v. Curlee*, 902 F.2d 401 (5th Cir. 1990)(The court granted
nominal damages in the amount of $1 and declared Plaintiff the
prevailing party, thereby making plaintiff eligible for attorneys
fees).  However, as demonstrated in *Farrar v. Hobby,* if attorneys
fees are awarded, they must be reasonable fees. 506 U.S. 103, 113
S.Ct. 566 (1992). In *Farrar*, the Supreme Court states,
"[a]lthough the 'technical' nature of a nominal damages award or
any other judgment does not affect the prevailing party inquiry,
it does bear on the propriety of fees awarded under § 1988.  Once
civil rights litigation materially alters the legal relationship
between the parties, 'the degree of the plaintiff's overall
success goes to the reasonableness' of a fee award under *Hensley*

12

*v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 793, 109 S.Ct. 1486, 1494.  In *Farrar*, upon remand, the district court awarded $280,000 in attorney's fees after the Plaintiff was awarded $1 in nominal damages instead of the $17 million in compensatory damages sought.  The Supreme Court affirmed the Fifth Circuit reversal of this award, asserting that "when a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, see *Carey v. Piphus,* 435 U.S. 247, 256-257, 264, 98 S.Ct., 1042, 1048-1049, 1052, the only reasonable fee is usually no fee at all."  *Id.* at 115.  The Supreme Court also stated, "[w]here recovery of private damages is the purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded, as compared to the amount sought." *Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566 (quoting *Riverside v. Rivera*, 477 U.S. 561, 585, 106 S.Ct. 2686, 2700, 91 L.Ed.2d 466 (1986).[5]

Under the present circumstances, Plaintiffs sought declaratory relief, injunctive relief, nominal damages, as well as compensation for mental anguish and emotional distress.

---

[5]Indeed the 'most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'"  *Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566 (1992).

Plaintiffs' primary purpose of altering or dismantling the display was achieved through the Defendants' alteration of the display after the lawsuit was filed.  The $17 million at issue in *Farrar* distinguishes *Farrar* from the case at bar.  Hence, the Supreme Court affirmance of the 5th Circuit reversal of $280,000 in attorneys fees as unreasonable does not preclude Plaintiffs in this matter from obtaining a reasonable amount of attorneys fees in light of the substantially lower level of damages sought here.

**D.  Attorneys Fees and the Question of Mootness**

Defendants have asserted that the Plaintiffs are attempting to change the issue before the Court by seeking nominal damages. In *Staley v. Harris County,* a citizen sought a permanent injunction requiring the county to remove open Bible from monument located near the entrance to the courthouse. 485 F.3d 305 (5th Cir. 2007).  *Staley* refutes Defendants' assertion by affirming that "a determination of mootness neither precludes nor is precluded by an award of attorneys fees.  The attorneys fees question turns instead on a wholly independent consideration: whether plaintiff is a 'prevailing party.'" *Id*. at 314. Therefore, the issue of mootness of the Constitutionality claim cannot work to preclude Plaintiffs award of nominal damages or attorneys fees.

The denial of the preliminary injunction does not substantiate a claim for mootness.  In *Ward v. Sante Fe*

14

*Independent School District*, the alteration of policy about which the plaintiff sued rendered the plaintiff's Establishment Clause claim moot, but did not moot the claim for nominal damages stemming from such suit. 35 Fed.Appx. 386 (5th Cir. 2002). Similar rationale should prevail in the impending matter since the nominal damages were sought in the initial complaint in the present matter just as in the *Sante Fe* Establishment Clause challenge. A case is not moot so long as the plaintiff seeks to vindicate his constitutional rights through a claim for nominal damages. *Id.; see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 69, 117 S.Ct. 1055, 1069, 137 L.Ed.2d. 170 (1997); *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1526-27 (10th Cir. 1992) (holding that a claim for nominal damages was not moot even though claims for injunctive relief were moot).

Finally, In *Northwest Envtl. Defense Ctr. v. Gordon*, the court found that the court can still act to remedy harm caused by a violation by limiting its future adverse effect of the violation the controversy remains live and present. 849 F.2d 1241, 1244-1245 (9th Cir. 1988). This Court may issue permanent injunctive relief to preclude the Courthouse display from being modified to its original form.

### CONCLUSION

Not only does the Motion for Partial Summary Judgment

15

seeking the award of nominal damages effectively serve as a prerequisite for the award of attorneys fees, but it is also consistent with this Court's finding that the initial City Court of Slidell display violated Plaintiffs' Constitutional rights. Plaintiffs' initial complaint contains a prayer for nominal damages, and the grant of these damages is not inconsistent with case law regarding nominal damages.  With the grant of nominal damages, Plaintiff is considered a prevailing party, and as such is granted attorneys fees.  **IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **GRANTED.  IT IS FURTHER ORDERED** that Plaintiffs are awarded reasonable attorneys fees and costs.  **IT IS FURTHER ORDERED** that within **10 days** Plaintiffs should file a motion to determine the amount of attorneys fees and costs along with supporting documentation. Defendants' response is due within **10 days** of receipt unless Defendants request additional time in order to conduct discovery related to the motion for fees and costs.

New Orleans, Louisiana, this 14th day of April, 2008.

IVAN L. R. LEMELLE
UNITED STATES DISTRICT COURT