```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

JOHN DOE and the AMERICAN CIVIL                CIVIL ACTION
LIBERTIES UNION OF LOUISIANA

VERSUS                                         NO: 07-3574

PARISH OF ST. TAMMANY, CITY OF SLIDELL,        SECTION: B (4)
and JAMES "JIM" LAMZ, in his official capacity as
City Judge, City Court of Slidell

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Attorney's Fees (Rec. Doc. No. 45). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that the Motion is **GRANTED IN PART.** Because the $375 and $225 hourly rates requested by Plaintiffs prove unreasonable for a case of this nature in the Eastern District of Louisiana, a reduced amount of $42,080.00 in attorney's fees and $659.58 in costs (totaling $42,739.58) **is awarded** as reasonable attorney's fees and costs in light of the prevailing market rates.

### *BACKGROUND*

Plaintiffs filed suit after Defendants displayed an icon of Jesus Christ in the foyer of the City Court of Slidell. Plaintiffs contend that Defendants' display served the purpose of advancing, promoting, or endorsing Christianity, in violation of the Establishment Clause of the First Amendment. In addition to

1

seeking declaratory and injunctive relief, Plaintiffs requested nominal damages for the violation of their constitutional rights under 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 2201 and 2202.

The display at issue contained an image appearing to be Jesus Christ presenting the New Testament of the Bible.  Below the picture and separate from it was wording in large gold letters that was later added reading, "To Know Peace, Obey These Laws." Plaintiffs saw the display, were offended by it, and immediately filed suit.

Defendants changed the display prior to and in anticipation of the hearing on the Motion for Preliminary Injunction (Rec. Doc. No. 3).  The Court noted that the modified display containing various historical lawgivers[1] under the caption, "To Know Peace, Obey These Laws," was not in violation of the Constitution; however, the initial arrangement of solely Jesus Christ violated the Establishment Clause.  As a result of the modifications, Plaintiffs' motion for a Preliminary Injunction and Defendants' Motion to Dismiss were denied by the Court.  However, the Court instructed both Plaintiffs and Defendants to provide to the Court briefs as to whether or not Plaintiffs should prevail on the issue of attorney's fees.

Plaintiffs filed a Motion for Partial Summary Judgment seeking

---

[1]The image of Jesus Christ was repositioned to be accompanied by 15 additional uniformly-sized prints depicting other historical lawgivers.

an award of nominal damages, which the Court granted in light of the unconstitutionality of the initial display prompting suit. Finding that the award of nominal damages would alter the legal status of the parties, this Court also instructed Plaintiffs to file a motion for reasonable attorney's fees and costs.

Plaintiffs' request for $65,559.68 in attorney's fees and costs stems from a lodestar calculation comprised of the amount of hours claimed to have been spent on the matter, multiplied by a reasonable hour fee.  Plaintiffs assert that the rates applied are appropriate for the New Orleans market.  Plaintiffs contend that after calculating the lodestar amount, the *Johnson* factors relevant in adjusting the total weigh heavily in Plaintiffs' favor.

Plaintiffs assert that although only nominal damages were awarded, they are justified in seeking this amount as reasonable, and Plaintiffs are the prevailing party.  Plaintiffs contend that contemporaneous time records have been provided, and excessive and redundant hours have been purged from the records and request. Further, Plaintiffs highlight that Attorney Vincent Booth provided legal services, but his contribution was not accounted for in Plaintiffs' request.

In reply to Defendants' contentions, Plaintiffs highlight that fees relating to unsuccessful claims should only be excluded if the court concludes that unsuccessful claims were also unrelated to the successful claims.  Plaintiffs also assert that Defendants'

3

characterization of Plaintiffs' unsuccessful nature of the mental anguish claims lacks merit as they were never advanced by Plaintiffs and no time was ever expended on those claims. Plaintiffs highlight that while their claim for injunctive relief proved unsuccessful, the claim for declaratory judgment and nominal damages proved successful and were sufficiently related to the injunctive relief sought such that fees sought are warranted. Plaintiffs go on to reassert the reasonable nature of their request for attorney's fees.

Defendants oppose Plaintiffs' Motion for Attorney's Fees claiming that Plaintiffs' Motion contains hours and expenses for which Plaintiffs should not be compensated from public revenues. Defendants assert that the attorney's fees are not derived from hours reasonably spent advancing his successful claims. Defendants propose that Plaintiffs' fees should be reduced for non-prevailing claims.  Specifically, the Plaintiffs' attorneys billing of 31.1 hours and law clerk billing of 32 hours (equivalent of $12,567.50) for Plaintiffs' motion for preliminary injunction, which was denied, should not be included in the award of fees.

In addition, Defendants assert that Plaintiffs' fees are excessive for the work performed and results achieved in light of the *Johnson* factors, and Plaintiffs' primary objective of **removing** the Jesus portrait from the wall display. Specifically, Defendants cite Plaintiffs' hourly rate of $375.00 as 40% hire than his

4

private rate to clients at $225.00 per hour. Defendants contest billing for the same tasks by the attorneys and law clerk and characterizes numerous time entries as ambiguous.

### DISCUSSION

**A.  Reasonable Attorneys Fees**

The calculation of reasonable attorney's fees requires a determination of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Id*. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. *Id.* The court may exclude from this fee calculation hours that were not reasonably expended, such as incidences in which cases were overstaffed or the experience of lawyers greatly vary. *Id.*

Once the lodestar amount is calculated, the Court must apply the factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974). Such an application determines whether the lodestar should be adjusted - either upward or downward. The *Johnson* factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of

the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability; (10) the "undesireability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-719. Of these factors, the degree of success is the most critical. *Hensley*, 461 U.S. at 436.

The "results obtained" analysis guides the final phase of the attorney's fee calculation. *Id.* This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. *Id.* In this analysis, the first question that must be addressed is whether the plaintiff failed to prevail on claims that were unrelated to the claims on which he succeeded. The second question to address is whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. The amount of fees awarded should not include the fees derived from unrelated unsuccessful claims. *See id.* Such "unrelated claims" include those based on different facts or legal theories. *Id*. at 440.

**1. Lodestar Calculation: Prevailing Market Rates in the Eastern District of Louisiana**

An attorney's requested rate is prima facie reasonable when he or she requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested. *Louisiana Power and Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995); *Dang v. M-I Holdings, L.L.C.*, 2004 WL 2004696, at *2 (E.D. La. Sept. 7, 2004). In *Dang v. M-I Holdings*, an attorney requested a rate within the uppermost edge of the market rates, and the court determined that rate to be excessive and unreasonable. 2004 WL 2004696, at *2 (E.D. La Sept. 7, 2004) (the court found an hourly rate of $175.00 to be within the range of prevailing market rates for lawyers with comparable experience and expertise in litigation of this type). However, in *United States ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, Judge Duval awarded rates at the high end of each attorney's usual range because of "the particular difficulty of the case and the lucrative and less risky business the lawyers were precluded from accepting." 46 F.Supp.2d 546, 569 (E.D. La. 1999), vacated on other grounds, 244 F.3d 486 (5th Cir. 2001)(The court applied an hourly rate of $250.00 for lead counsel and $150 and $175 for other counsel on the qui tam False Claims Act action).

Plaintiffs point to *Cavaretta v. Entergy Corp. Companies Benefits Plus Long Term Disability Plan*, to support their request of fees at a rate of $375.00 per hour for Ron Wilson who has

practiced law for 31 years, $225.00 per hour for Katie Schwartzmann who has practiced law for 5 years, and $70.00 per hour for Andy Kim, a law clerk. 2005 WL 1038532 (E.D. La. Apr. 29, 2005). In *Cavaretta*, the court concluded that a reasonable hourly rate fee for the plaintiff's counsel with 5 years of experience in an ERISA Long Term Disability action was $225.00 per hour. However, within this district myriad rulings have listed reasonable rates that vary greatly. For example, in a Family and Medical Leave Act Case, $225 per hour for lead trial counsel with 24 years of experience and $175 per hour for assisting counsel, who had 13 years of experience, was awarded. *Downey v. Strain*, 2006 WL 1581234, at *5 (E.D. La. June 5, 2006). Meanwhile, in a class action settlement, a "reasonable blended rate" of $250 per hour was awarded, averaging the prevailing hourly rate for partner-level attorneys ($350 per hour) in this jurisdiction with the prevailing rate for associate-level attorneys in this jurisdiction ($150 per hour). *In re Educational Testing Serv. etc. Litig.*, 447 F.Supp.2d 612, 633 (E.D. La. 2006). In a Section 1983 case, $150 per hour constituted a reasonable rate even when counsel held 22 years of experience as a civil rights attorney. *Police Ass'n of New Orleans v. City of New Orleans*, 951 F.Supp. 622, 628 (E.D. La. 1997).

Defendants have highlighted that Mr. Wilson's requested rate of $375.00 per hour is 40% higher than his usual hourly charge. In light of Mr. Wilson's acknowledgment that his rate to private

8

clients is $225.00 per hour, this Court finds that $225.00 per hour is appropriate and consistent with case law and the prevailing market rate. Nothing in the affidavits or exhibits submitted by Plaintiffs convinces this Court that $375.00 per hour should be awarded. Plaintiffs merely rely on one case at the high end of the wide spectrum of what this district construes as reasonable. Just as in *Dang v. M-I Holdings, L.L.C.*, this Court finds that this action was a relatively uncomplex case where the higher end of the market rate proves unwarranted. In the same vein, Ms. Schwartzmann's rate will be reduced to $175.00 per hour as assisting counsel.[2]

In applying the $225.00 and $175.00 hourly rates, Plaintiffs lodestar calculation stands at $30,442.50 for Mr. Wilson, $8,837.50 for Ms. Schwartzmann, and $2,800.00 for Andy Kim. This amounts to $42,080.00 in attorney's fees and $659.58 in costs.

**2. Application of the *Johnson* factors**

In order to determine if the amount whether the lodestar amount should be adjusted, the *Johnson* factors must be applied. The factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the

---

[2]This Court will allow $70.00 to stand as the rate permissible for law clerks.

9

customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client of the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-719.

Plaintiffs present this Court with adequate support of their claim for attorney's fees in light of the *Johnson* factors. However, Defendants' objections regarding awards in similar cases as well as the degree of success prove most noteworthy and warrant further discussion.

The Fifth Circuit has resolved the issue regarding awards in cases analogous to the case at bar. In *Ward v. Sante Fe Independent School District*, the Fifth Circuit upheld the district court award of $1 in nominal damages and $52,397.34 attorney's fees and costs where the plaintiffs sought temporary and permanent injunctive relief, declaratory relief, nominal damages, and attorney's fees. 393 F.3d 599, 601 (5th Cir. 2004). Therefore, Defendants' challenge on this particular *Johnson* factor proves unsuccessful.

Defendants also contend that the degree of success obtained by Plaintiffs cannot justify a substantial attorneys' fee award as Plaintiffs did not achieve their primary acknowledged objective in

10

this case.  Defendants mis-characterize Plaintiffs' objective as being the **removal** of the Jesus portrait from the wall display at the Slidell City Courthouse.  However, Plaintiffs merely sought to end the continuing violation of the Establishment Clause of the First Amendment, which was found to be present with the initial display where stand alone icon of Jesus Christ was displayed.  Albeit not through court order, Plaintiffs objective of filing suit was met as Defendants modified the display, and Plaintiffs received the symbolic victory associated through nominal damage awards.  Again, this Court finds no reduction to be in order with regard to this *Johnson* factor objection.

> **3.  Mixed Success:  Related Nature of Unsuccessful Claims and Level of Success**

Where a plaintiff is successful on some, but not all of his or her claims, the district court must address the following two questions: (1) whether the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded and (2) whether the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.  *Hensley*, 461 U.S. at 434.  In cases where the plaintiff experienced mixed success, if the unsuccessful claims are distinctly different claims for relief based in different facts and legal theories, they must be excluded from the attorney's fee award.  *Id.* at 440.

As stated in this Court's Order granting Plaintiffs' Motion

11

for Partial Summary Judgment (Rec. Doc. No. 44), "Plaintiffs sought declaratory relief, injunctive relief, nominal damages, as well as compensation for mental anguish and emotional distress." The unsuccessful motion for preliminary injunction involves a common core of facts regarding the unconstitutionality of the initial display and are based on legal theories sufficiently related to the declaratory relief and nominal damages sought. This Court need not analyze the relationship of the mental anguish and emotional distress claims as they were never pursued and therefore not accounted for in the attorney's fees sought.

Although the Court has determined that the unsuccessful preliminary injunction motion was related to the Plaintiffs' successful claims, it must still address if Plaintiffs achieved a level of success that makes the hours reasonably expended a satisfactory basis of a fee award. Although Plaintiffs' Motion for a Preliminary Injunction was denied, this Court declared the stand alone icon to be a violation of the Establishment Clause and granted Plaintiffs Motion for Partial Summary Judgment, ans awarded nominal damages. As stated in this Court's Order granting Plaintiffs' Motion for Partial Summary Judgment (Rec. Doc. No. 44), "Plaintiffs' primary purpose of altering or dismantling the display was achieved through the Defendants' alteration of the display after the lawsuit was filed." Although not a direct response from a court order, Plaintiffs' attainment of the primary purpose of

12

ending the Constitutional violation and symbolic victory stemming from the nominal damages award defeat Defendants' challenge to Plaintiffs' level of success.  Therefore, the adjusted amount of attorney's fees will not be further reduced.

### *CONCLUSION*

For the reasons stated above, **IT IS ORDERED** that the Motion is **GRANTED IN PART.**  Because the $375 and $225 hourly rates requested by Plaintiffs prove unreasonable for a case of this nature in the Eastern District of Louisiana, a reduced amount of $42,080.00 in attorney's fees and $659.58 in costs (totaling $42,739.58) **is awarded** as reasonable attorney's fees and costs in light of the prevailing market rates.

New Orleans, Louisiana, this 21st day of July 2008.

_____

IVAN L. R. LEMELLE

UNITED STATES DISTRICT JUDGE